# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | | |
|---|---|---|
| HIXSA D. COLE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.   3:22-CV-440-GNS |
| v. | ) | |
| | ) | |
| MARINER FINANCE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant Mariner Finance, LLC ("Mariner") hereby removes this action, currently pending in the Circuit Court of Jefferson County, Kentucky, as Case No. 22-CI-003741, (the "Action") pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453. As grounds for removal, Mariner states as follows:

## Background

1. On July 21, 2022, Plaintiff Hixsa D. Cole ("Plaintiff") initiated the Action by filing a Complex Consumer Class Action Complaint and Demand for Jury Trial ("Complaint") in the Circuit Court of Jefferson County, Kentucky. (Copy attached as Exhibit 1.)

2. Plaintiff alleges, individually and on behalf of a putative class, that Mariner violated the Kentucky Consumer Protection Act, KRS 367.110, *et seq.* ("KCPA"), by sending prescreened firm offers of credit to her and other Kentucky consumers in the form of easy-to-deposit checks. She contends that the Kentucky Consumer Loan Company statute, KRS 286.4-410, *et seq.*, prohibits licensed consumer loan companies such as Mariner from making or offering such loans. (Ex. 1 ¶¶ 12-21, 36-44.)

3. She seeks to represent all Kentucky persons/consumers who, within the two-year period prior to the date of filing of this action, received and deposited a live check from Mariner, and thereby entered into a consumer loan with Mariner. (Ex. 1 ¶ 49.) For relief, she asks the Court to "void all Mariner consumer loans that originated with a live check" pursuant to KRS 286.4-991, and award actual damages, "funds, charges, interest, fees, etc." paid to Mariner, costs, attorneys' fees, and punitive damages. (Ex. 1 ¶¶ 21, 44, 46, Prayer for Relief.)

## Removal Jurisdiction

4. This Action is a civil class action over which the Court has original jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA") and, hence, may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1446 and 1453. Specifically, this is (i) a putative class action, in which (ii) the number of putative class members is not less than 100, (iii) at least one member of the class "is a citizen of a State different from any defendant," and (iv) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d).

5. ***Putative Class Action.*** This Action is a putative "class action" within the meaning of CAFA, defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Although Plaintiff does not identify any particular state statute or rule of procedure for certification of the putative class, she asserts that—like the requirements under Rule 23(a)—the putative class consists of members so numerous that joinder of individual members is impracticable; that her claims are typical of those of putative class

members; that there are common questions of law and fact applicable to all members of the putative class; and that she and her counsel are able to and will fairly and adequately represent the interests of the putative class. (Ex. 1 ¶¶ 55-61.) Plaintiff further alleges that—again, like the requirements under Rule 23(b)—prosecution of separate actions by individual members would create a risk of adjudications that may be dispositive of the interests of other members and establish incompatible standards of conduct for Mariner, that the common questions of law or fact predominate over any questions affecting individual members, that the identities of class members are ascertainable, and that the class action vehicle is a superior method to the fair and efficient adjudication of this controversy. (Ex. 1 ¶¶ 62-66.)[1]

      6.     *Minimal Diversity.* Under 28 U.S.C. § 1332(d)(2)(A), "minimal diversity" exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant."

          a.     *Plaintiff's Citizenship.* Plaintiff alleges that she is a resident of Hardin County, Kentucky. (Ex. 1 ¶ 4.) She does not claim that she lives or is domiciled anywhere else. Accordingly, Mariner is informed and believes that Plaintiff is domiciled in Kentucky and is therefore a citizen of Kentucky. *Certain Interested Underwriters at Lloyd's, London, England v. Layne,* 26 F.3d 39, 41 (6th Cir. 1994) (equating "citizenship of a natural person with his domicile").

---

[1] Plaintiff may be seeking to certify a class under Kentucky Rule of Civil Procedure 23, which has substantively identical class certification requirements as that under the federal rules. *See* Ky. R. Civ. P. 23.01 and 23.02; *Doe v. Roman Catholic Diocese of Covington*, 2006 WL 250694, at *1 (Ky. Ct. App. Jan. 31, 2006) (noting that "Civil Rule 23 is virtually identical to, and modeled on, Federal Rule of Civil Procedure 23"); *Hughes v. UPS Supply Chain Sols., Inc.*, 2013 WL 4779746, at *4 (Ky. Ct. App. Sept. 6, 2013) (observing "that CR 23.01 and 23.02 are substantially similar to Federal Rules of Civil Procedure 23").

        b.    *Mariner's Citizenship.* "The general rule is that all unincorporated entities—of which a limited liability company is one—have the citizenship of each partner or member." *Eagles Nest, LLC v. Moy Toy, LLC,* 2014 WL 4655277, at *5 (M.D. Tenn. Sept. 16, 2014). However, "CAFA abrogates the traditional rule" and instead deems unincorporated associations to be citizens of the State where the association has its principal place of business and the State under whose laws it is organized. *Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1032 n. 13 (9th Cir. 2009); *Eagles Nest,* 2014 WL 4655277 at *5 (same); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (noting that in the class action context, Congress created a "statutory exception" to the general rule of citizenship for unincorporated associations); 28 U.S.C. § 1332(d)(10). A business's "principal place of business" is either its "home office … where the corporation's officers direct, control, or coordinate its activities," or "the place where the bulk of corporate activity takes place." *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 706 (4th Cir. 2010). Mariner is a limited liability company organized under Maryland law. (Declaration of Bonnie Klapaska ("Klapaska Decl.") ¶ 4.) Mariner operates in 24 states across the country and is headquartered in Nottingham, Maryland. (*Id.*) Plaintiff concedes that Mariner's principal place of business is in Maryland. (Ex. 1 ¶ 5.)

Thus, minimal diversity is met here, as there is no overlap of citizenship between Plaintiff and Mariner.

    7.    ***Number of Putative Class Members & Amount in Controversy.*** Although Mariner denies that Plaintiff and the putative class are entitled to any relief, Plaintiff's Complaint and the relief requested therein clearly demonstrate that more than $5 million is

at issue. *See* 28 U.S.C. § 1332(d)(2), (6). Specifically, in addition to monetary relief in the form of damages, costs, attorneys' fees, and punitive damages, Plaintiff also seeks to void "all Mariner consumer loans that originated with a live check" under KRS 286.4-991. (Ex. 1 ¶¶ 21, 44, 46, Prayer for Relief.) Accordingly, the face value of the loans—i.e. how much the putative class members owe Mariner—is a reasonable proxy for the amount in controversy here, as the class members would otherwise owe or have paid this amount to Mariner, which Plaintiff seeks to void. *See, e.g., Rosas v. Carnegie Mortg., LLC*, 2012 WL 1865480, at *5 (C.D. Cal. May 21, 2012) (amount in controversy met where plaintiffs sought to enjoin foreclosures and alleged that defendants had "no right to payment on plaintiff's loans"); *Lang v. Wells Fargo Home Mortg., Inc.*, 2013 WL 12210772, at *3-4 (N.D. W.Va. Sept. 23, 2013) (value of loans that plaintiffs sought to void included in determining amount in controversy).

8.  Plaintiff seeks to represent a class of "Kentucky persons/consumers" who, within two years of the date this action was filed, received and deposited a "live check," and thereby entered into a consumer loan with Mariner. (Ex. 1 ¶ 49.) During this period, Mariner made over 4,133 loans in Kentucky stemming from prescreened firm offers of credit loans by mail (which Plaintiff refers to as "live checks"), each of which had a principal balance of at least $1,210. (Klapaska Decl. ¶ 5.) Accordingly, even without considering interest/finance charges, attorneys' fees, and punitive damages, the numerosity and amount-in-controversy elements are easily satisfied ($1,210 x 4,133 = $5,000,930).

9.  ***No CAFA Exceptions.*** This Action does not fall within any of the limited exclusions to removal jurisdiction recognized by 28 U.S.C. § 1332(d) because Mariner is not

a citizen of Kentucky (the state in which the Action was originally filed), and no other exclusion applies.

## Procedural Requirements

10. ***Removal is Timely.*** Mariner received notice of this Action through delivery of the summons and Complaint by certified mail on July 26, 2022. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b), as the 30-day period for removal has not expired.

11. ***Removal to Proper Court.*** Removal to this Court is proper as the United States District Court for the Western District of Kentucky embraces Jefferson County, Kentucky, where the state court Action was filed.

12. ***Pleadings and Process.*** Along with the Complaint, a copy of the Summons served on Mariner is also enclosed in Exhibit 1. Pursuant to 28 U.S.C. § 1446(a), Exhibit 1 contains a true and correct copy of "all process, pleadings, and orders served upon" Mariner.

13. ***Notice.*** Pursuant to 28 U.S.C. § 1446(d), Mariner is promptly providing written notice of its removal to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk for the Circuit Court of Jefferson County, Kentucky.

WHEREFORE, Defendant Mariner Finance, LLC respectfully remove this Action from the Circuit Court of Jefferson County, Kentucky, to the United States District Court for the Western District of Kentucky.

Dated: August 25, 2022

Respectfully submitted,

MARINER FINANCE, LLC

By: /s/ Anna-Katrina S. Christakis
One of its attorneys

Anna-Katrina S. Christakis (*pro hac vice* application forthcoming)
Pilgrim Christakis LLP
321 N. Clark St., 26th Floor
Chicago, IL 60654
Ph: (312) 939-0920
kchristakis@pilgrimchristakis.com

Melissa R. Lamkin
KIGHTLINGER & GRAY, LLP
Bonterra Building
3620 Blackiston Blvd., Ste. 200
New Albany, IN 47150
Ph: (812) 949-2300
mlamkin@k-glaw.com

## CERTIFICATE OF SERVICE

     I, Anna-Katrina S. Christakis, certify that on August 25, 2022, I electronically filed the foregoing **Notice of Removal** with the Clerk of the Court using the CM/ECF system, and delivered a copy to the following counsel of record below via electronic mail:

Juliana N. Madaki
Law Practice Group, PLLC
4211 Poplar Level Road, Suite 201
Louisville, KY 40213
Jules.Madaki@LPGLegal.com

                                                                                                /s/ Anna-Katrina S. Christakis