UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:22-CV-00440-GNS-RSE

HIXSA D. COLE                                                                        PLAINTIFF

v.

MARINER FINANCE, LLC                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 22). The motion is ripe for adjudication. For the reasons below, the motion is **GRANTED**.

## I.      SUMMARY OF THE FACTS

In May 2021, Defendant Mariner Finance, LLC ("Mariner") allegedly mailed a "live check"[1] to Plaintiff Hixsa Cole ("Cole"), which was purportedly a solicitation for a high-interest loan. (Compl. ¶ 12). Cole claims she never received the mailing; instead, someone stole her mail, cashed the check, and left Cole with the consequences. (Compl. ¶¶ 24-28). Cole alleges she notified Mariner that she was a victim of theft and submitted a police report and an identity theft affidavit. (Compl. ¶¶ 32-35). Regardless, Mariner sent collection letters to Cole and reported false and negative credit information to consumer reporting agencies. (Compl. ¶¶ 28-30).

Cole initiated this action in Jefferson (Kentucky) Circuit Court, alleging that Mariner violated the Kentucky Consumer Protection Act ("KCPA") by using an unfair, false, misleading, or deceptive practice by mailing the live check. (Compl. ¶¶ 37-66). Mariner removed the action to this Court and now moves to dismiss. (Notice Removal, DN 1; Def.'s Mot. Dismiss, DN 22).

---

[1] Cole explains that "live checks" are marketing materials for lenders, where a check is mailed to a potential borrower, and, if the recipient wishes to receive the loan, they sign the check and deposit it at their bank or at the lender's office. (Compl. ¶ 15, DN 1-1 (citation omitted)).

## II.   JURISDICTION

The Court has subject-matter jurisdiction of this matter based upon the Class Action Fairness Act.  *See* 28 U.S.C. § 1332(d).

## III.   STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true," but it is not required to "accept a 'bare assertion of legal conclusions.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citations omitted).  A pleading does not meet this burden by offering only labels, formulaic recitations of a claim's elements, or generalized assertions without factual support. *Iqbal*, 556 U.S. at 678.  Facts "'merely consistent with' a defendant's liability" or that "do not permit the court to infer more than the mere possibility of misconduct" are inadequate, as it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678-79 (citations omitted).

## IV.   DISCUSSION

Mariner contends that the Complaint must be dismissed because:  (1) mailing live checks is permitted under Kentucky law, so Mariner's mailing cannot be a deceptive practice; (2) Cole lacks privity of contract to bring a KCPA claim; and (3) Cole has not plausibly alleged an ascertainable loss.  (Def.'s Mot. Dismiss 2-8).  Mariner's second argument and issues related to its third argument are persuasive, so the Court declines to consider the first argument.

2

## A.     <u>Privity of Contract</u>

Mariner contends that "the KCPA requires 'privity of contract,' *i.e.* a 'purchaser-seller' relationship between the parties."  (Def.'s Mot. Dismiss 5 (citations omitted)).  When moving to compel arbitration, Mariner made a similar contention.  As this Court noted:

> Mariner alleges privity of contract is required between the parties to bring the KCPA claims, framing the argument in two ways:  either (1) a valid agreement exists to enforce the Arbitration Terms against Cole, which would satisfy the purported privity requirement under the KCPA, or (2) the Arbitration Terms are not enforceable, given no valid agreement between the parties, and Cole's KCPA claims fail for want of privity.

(Mem. Op. & Order 10 n.2, DN 19 (discussing Def.'s Mot. Compel Arbitration 6-7, DN 15)).

The KCPA prohibits the use of "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce" and "provides a private remedy to 'any person who purchases or leases goods or services primarily for personal family or household purposes and thereby suffers any ascertainable loss of money or property as a result of' a violation of [KRS] 367.170."  KRS 367.170(1); *Ky. Laborers Dist. Council Health & Welfare Tr. Fund v. Hill & Knowlton, Inc.*, 24 F. Supp. 2d 755, 772 (W.D. Ky. 1998) (quoting KRS 367.220).  "That remedial provision requires that 'privity of contract exist between the parties in a suit alleging a violation of the [KCPA] [] [].'"  *Ky. Laborers Dist. Council Health & Welfare Tr. Fund*, 24 F. Supp. 2d at 772-73 (quoting *Skilcraft Sheetmetal, Inc. v. Ky. Mach., Inc.*, 836 S.W.2d 907, 909 (Ky. App. 1992)); *accord Keaton v. G.C. Williams Funeral Home, Inc.*, 436 S.W.3d 538, 546 (Ky. App. 2013) ("Claims may only be brought under the KCPA by individuals who personally purchase goods or services from a merchant."  (citing KRS 367.220(1))); *Tallon v. Lloyd & McDaniel*, 497 F. Supp. 2d 847, 854 (W.D. Ky. 2007) ("The language of the [KCPA] 'plainly contemplates an action by a purchaser against his immediate seller.'"  (citation omitted)); *Simpson v. Champion Petfoods USA, Inc.*, 397 F. Supp. 3d 952, 962 (E.D. Ky. 2019) ("Indeed, after *Skilcraft*, numerous

Kentucky Courts of Appeals [decisions] have cited *Skilcraft* and interpreted the text of the KCPA 'to mean that an individual must be a purchaser with privity of contract in order to have standing to bring an action under the [KCPA].'" (second alteration in original) (citations omitted)).

As this Court previously recounted, "Cole alleges she never received the check, and the check was deposited by a third party who stole her mail and forged her signature." (Mem. Op. & Order 5 (citing Compl. ¶¶ 24-26)). Moreover, "Cole denies that she authorized the third party's actions." (Mem. Op. & Order 5). Accordingly, Mariner could not show a contractual basis to compel arbitration. (*See* Mem. Op. & Order 6-7). The absence of such an agreement also negates the existence of a contractual relationship necessary to establish the privity of contract for a KCPA claim, which Cole does not appear to dispute.[2] (*See* Pl.'s Resp. Def.'s Mot. Dismiss, DN 23).

Cole quotes *Craig & Bishop, Inc. v. Piles*, 247 S.W.3d 897, 903 (Ky. 2008), at length for the contention that "the absence of a finding of a valid contract is not fatal to a claim for unfair

---

[2] Cole filed a "Notice of Filing Supplementary Authority" to proffer this Court's decision in *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776 (W.D. Ky. 2003), in support of her response to Mariner's motion. (Pl.'s Notice Filing, DN 27). This Court has admonished similar filings:

> A rebuke is in order here. . . . This is an improper filing, as proper motion practice under the local rules contemplates only motions, responses, replies and memoranda . . . . This "Notice of Filing Supplemental Authority" is properly construed as a motion for leave to file a surreply, which is routinely denied by this court. Moreover, such a motion, when utilized for the purpose of supplementing argument on pending motions, should be used sparingly and for new, controlling case law—*not* for recently *discovered* case law, nor for arguments which the parties did not think to make in their pleadings.

*Gen. Elec. Co. v. Latin Am. Imps., S.A.*, 187 F. Supp. 2d 749, 752 n.1 (W.D. Ky. 2001); *accord Yonko v. W. Coast Life Ins. Co.*, No. 1:20-CV-00109-GNS-HBB, 2021 U.S. Dist. LEXIS 72896, at *13 n.4 (W.D. Ky. Apr. 15, 2021). *Stafford* was decided in 2003, so it is clearly not new. Even then, *Stafford* is distinguishable, as the KCPA claims in that action were based upon the defendant's actions during a fraud investigation after the relevant credit card was issued. *Stafford*, 262 F. Supp. 2d at 791. In contrast, Cole's claim arises only from Mariner's mailing of the live check. (Compl. ¶¶ 36, 41).

4

trade practices under the KCPA as it would be to a breach of contract claim." (Pl.'s Resp. Def.'s Mot. Dismiss 5-7 (quoting *Craig & Bishop, Inc.*, 247 S.W.3d at 903)). In *Craig & Bishop, Inc.*, the Kentucky Supreme Court held that the plaintiffs could bring their KCPA action as purchasers, even if the court accepted the assertion that there was no binding contract.[3] *Craig & Bishop, Inc.*, 247 S.W.3d at 903. The KCPA does not define the term "purchase" for KRS 367.220(1), but the court acknowledged that "even if [it] accept[ed] the definition of *purchase* reflected in Kentucky's version of the Uniform Commercial Code, . . . [the plaintiffs] were eligible to bring an action as purchasers under the facts of th[at] case."[4] *Id.* at 902 (footnotes omitted). The court concluded that the KCPA did not explicitly require a binding contract, the facts exhibited conduct akin to a purchase (such as financing and repayment negotiations)[5], and the plaintiffs gained an equitable interest in the new vehicle after signing over the title to the old vehicle. *Id.* at 902-03. As a sister court explained, however, *Craig & Bishop, Inc.* "does not appear to be a full repudiation of the requirement of privity of contract, but is more properly understood as an exception made by the Kentucky courts under the limited and unusual circumstances of that case." *Day v. Fortune Hi-Tech Mktg. Inc.*, No. 10-cv-305-GFVT, 2014 U.S. Dist. LEXIS 122494, at *29 (E.D. Ky. Sept. 3, 2014). Ultimately, Cole's action does not align with *Craig & Bishop, Inc.*; the conduct between

---

[3] The Kentucky Supreme Court noted that "the jury did not explicitly make a finding on whether or not a binding contract existed," so it accepted the claim that there was no contract "for the sake of argument . . . ." *Craig & Bishop, Inc.*, 247 S.W.3d at 903.

[4] Kentucky law defines a "purchaser" as one who "takes by purchase," and a "purchase" is "taking by sale, lease, discount, negotiation, mortgage, pledge, lien, security interest, issue or reissue, gift, or any other voluntary transaction creating an interest in property . . . ." KRS 355.1-201(2)(ac), (ad).

[5] In *Craig & Bishop, Inc.*, the Kentucky Supreme Court remarked that its use of "negotiate" meant "[d]ealings conducted between two or more parties for the purpose of reaching an understanding" and not the "transfer and endorsement of a negotiable instrument." *Craig & Bishop, Inc.*, 247 S.W.3d at 902 n.6 (alteration in original) (citation omitted).

Cole and Mariner does not resemble a purchase, as there were no negotiations and Cole did not allege an equitable interest from Mariner's mailing. (*See* Compl.).

Even if this Court was to utilize the definitions from the Kentucky Uniform Commercial Code, Cole does not allege that a voluntary transaction occurred by Mariner's mailing and the third party's acceptance of the live check. *See* KRS 355.1-201(2)(ac). Instead, any alleged transaction involving Cole would have been involuntary given that she did not receive, sign, or deposit the live check. (*See* Compl. ¶¶ 24-26). Moreover, Cole has not alleged that she or Mariner gained an interest in property. (*See* Compl.).

As such, Cole cannot establish the privity of contract necessary to allege a viable KCPA claim, so Mariner's motion must be granted on this ground.

### B.      Ascertainable Loss as a Result of KCPA Violation

Alternatively, Mariner contends that Cole has not sufficiently alleged an ascertainable loss to permit her KCPA claim and maintains that generalized allegations of damage to Cole's credit are insufficient. (Def.'s Mot. Dismiss 7-8 (discussing Compl. ¶ 43)). Cole responds that Kentucky courts have accepted that damage to, or the reduction of, a credit score is compensable, so it is an ascertainable loss under the KCPA. (Pl.'s Resp. Def.'s Mot. Dismiss 5 (citation omitted)).

As previously stated, the KCPA provides a private remedy to a purchaser who "suffers any ascertainable loss of money or property as a result of a violation of [KRS] 367.170." *Ky. Laborers Dist. Council Health & Welfare Tr. Fund*, 24 F. Supp. 2d at 772 (internal quotation marks omitted) (quoting KRS 367.220). Absent this loss,[6] the KCPA claim fails. *See Schlenk v. Ford Motor*

---

[6] This Court has previously construed an "ascertainable loss" under the KCPA to mean "evidence from which a factfinder could find or infer that the plaintiff suffered an actual loss [or harm]." *M.T. v. Saum*, 7 F. Supp. 3d 701, 705 (W.D. Ky. 2014) (citation omitted); *accord Minter v. Liberty Mut. Fire Ins. Co.*, No. 3:11-CV-00249-S, 2014 U.S. Dist. LEXIS 137741, at *17 (W.D. Ky. Sept.

*Credit Co.*, 308 F.3d 619, 622 (6th Cir. 2002) (affirming the dismissal of a KCPA claim when no ascertainable loss was established). Even then, "by its very terms, the KCPA requires . . . the plaintiff [to] prove that he or she suffered an 'ascertainable loss' that was the 'result' of the allegedly deceitful practice of the defendant." *Corder v. Ford Motor Co.*, 869 F. Supp. 2d 835, 838 (W.D. Ky. 2012); *see* KRS 367.220(1). As such, "[t]he plain meaning of the KCPA damages provision requires [] a showing of a causal nexus between the plaintiff's loss and the defendant's allegedly deceitful practice . . . ." *M.T.*, 7 F. Supp. 3d at 706 (quoting *Corder*, 869 F. Supp. 2d at 838).

Cole contends that Mariner violated the KCPA by mailing the live check. (Compl. ¶ 36; *see also* Compl. ¶¶ 41-46). Cole claims she "suffered real and ascertainable losses . . . including but not limited to damages [to her] credit, credit score, [] ability to obtain new credit and financing[,] and out-of-pocket expenses." (Compl. ¶ 43). These allegations do not demonstrate a nexus between the Mariner's mailing and the claimed injuries, however, considering there was a break in the causal connection.

Cole insists that she never received the live check, as her mail was stolen, and that the third party who stole her mail was the one who cashed the check. (Compl. ¶¶ 24-28). The alleged injuries are predicated on the third party depositing the check (and not repaying the loan) and Cole's subsequent attempts to show that she was a victim of identity theft. (Compl. ¶¶ 28-35). Cole does not allege that Mariner would have sent the warning letters or report the purportedly harmful credit information, which created the alleged ascertainable loss, if the third party had timely repaid the loan (despite Cole never knowing of the transaction); if Cole had received the

---

30, 2014); *Holmes v. Countrywide Fin. Corp.*, No. 5:08-CV-00205-R, 2012 U.S. Dist. LEXIS 96587, at *39 (W.D. Ky. July 12, 2012).

live check, accepted the offer, and timely repaid the loan; or if Cole had received the live check and declined the offer.  (*See* Compl.).  Therefore, these situations demonstrate that Cole's alleged injuries result from the third party's depositing of the live check, not the mailing of the check by Mariner.

Therefore, even if Cole sufficiently alleged privity of contract to assert her KCPA claim, she has not alleged that any ascertainable loss resulted from.  Mariner's allegedly violative conduct.  Accordingly, Mariner's motion must be granted.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 22) is **GRANTED**.  Plaintiff's Complaint is **DISMISSED**.  The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge

United States District Court

May 19, 2023

cc:      counsel of record

8